## IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

**JAHMAL RICE**              **PLAINTIFF**

**VS.**

CIVIL ACTION NO: **CV2022-039**
**JURY TRIAL DEMANDED**

**RUST COLLEGE**

                                                                      **DEFENDANT**

### SUMMONS

**THE STATE OF MISSISSIPPI**

**TO:** Rust College by serving President of Rust College, Ivy Ruth Taylor
150 Rust Avenue
Holly Springs, MS 38635

**SERVE VIA PRIVATE PROCESS SERVER**

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT OR PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Derek Fairchilds, Esq., the attorney for the Plaintiff(s), whose address is 488 South Mendenhall, Memphis, Tennessee 38117. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the __8__ day of __Feb__, 2022.



MONET AUTRY
CLERK OF THE CIRCUIT COURT
MARSHALL COUNTY
POST OFFICE BOX 459
HOLLY SPRINGS, MS 38635
By: Deputy Clerk

by: Rebecca C. Iveater, dc



EXHIBIT A

# IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

| | |
|---|---|
| **JAHMAL RICE** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO: CV2022-039** |
| | **JURY TRIAL DEMANDED** |
| **RUST COLLEGE** | **DEFENDANT** |

## COMPLAINT

**COMES NOW** your Plaintiff, by and through his attorneys of record, and files this Complaint against the above-named Defendant and for cause would state the following, to-wit:

### PARTIES

1. Plaintiff, Jahmal Rice, is an adult citizen of Wentzville, St. Charles County, Missouri.

2. Upon information and belief, Plaintiff alleges that Defendant, Rust College, is a non-profit corporation located in Holly Springs, Mississippi, with a principal place of business located at 150 Rust Avenue, Holly Springs, Mississippi. Rust College has no registered agent for service of process listed with the Mississippi Secretary of State's Office, and thus may be served through its president, Ivy Ruth Taylor.

### JURISDICTION AND VENUE

3. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of the negligent acts and/or omissions of Defendant, Rust College, which occurred on or about April 10, 2021 on the campus of Defendant, Rust College, located in Holly Springs, Marshall County, Mississippi. Jurisdiction and venue are proper with this court.

FILED

FEB 08 2022

MONET AUTRY
CIRCUIT CLERK, MARSHALL Co., MS
BY _____ D.C.

## FACTS

4. Plaintiff adopts, and re-alleges, the allegations contained in Paragraphs One through Three (1-3) above as if fully set forth herein.

5. Plaintiff alleges that on or about April 10, 2021, he was a full-time student at Defendant, Rust College, and lived in Gross Hall, a residential dormitory located on the campus of Defendant, Rust College, in Holly Springs, Marshall County, Mississippi.

6. Plaintiff alleges that the campus of Defendant, Rust College, is owned, operated and managed by Defendant, Rust College.

7. Plaintiff alleges that approximately one (1) week prior to April 10, 2021, the security system for the main entrance to Gross Hall stopped working properly, specifically the student identification card reader was not working.

8. Plaintiff alleges that Defendant, Rust College, by and through its employees and/or agents, had actual and/or constructive knowledge that the security system for the main entrance to Gross Hall was broken.

9. Plaintiff alleges that as a result of the broken security system, the main entrance door to Gross Hall was left unlocked and propped open by a rug.

10. Plaintiff alleges that Defendant, Rust College, by and through its employees and/or agents, had actual and/or constructive knowledge that the main entrance door to Gross Hall was left unlocked and propped open by a rug.

11. Plaintiff alleges that, despite the actual and/or constructive notice of the broken security system, Defendant, Rust College, failed to take any security measures whatsoever and left the door unlocked and propped open by a rug.

12. Plaintiff alleges that on or about April 10, 2021, Deante Starks, a convicted felon armed with a handgun, was able to gain access to Gross Hall through the unlocked and unsecured

main entrance.

13. Plaintiff alleges that Deante Starks, after roaming the Gross Hall dormitory unchecked and at large, then entered Plaintiff's dormitory room and proceeded to rob and sexually assault him at gunpoint.

14. Plaintiff alleges that as a direct and proximate result of the hereinafter described negligent acts of Defendant, Rust College, he sustained personal injuries and other damages to be more particularly described hereinafter.

## Count I.
## NEGLIGENT ACTS AND/OR OMISSIONS

15. Plaintiff adopts, and re-alleges, the allegations contained in Paragraphs One through Fourteen (1-14) above as if fully set forth herein.

16. Plaintiff charges and avers that Defendant, Rust College, was guilty of the following acts of common law negligence and/or omissions, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to-wit:

   a. In negligently failing to use the degree of care and caution in the maintenance of Gross Hall as was required of a reasonable and prudent entity under the same or similar circumstances existing at the time and place of the aforementioned incident;

   b. In negligently failing to maintain the premises in a reasonably safe condition;

   c. In negligently failing to monitor the property and/or remedy such an unreasonably dangerous condition;

   d. In negligently failing to provide adequate security on the premises;

   e. In negligently failing to supervise and control the premises;

   f. In negligently failing to anticipate the existence and or likelihood of criminal conduct prior to the sexual assault of Plaintiff;

   g. In negligently failing to implement and maintain a security plan for the premises prior to the sexual assault of Plaintiff;

3

    h.    In negligently failing to perform a crime risk assessment prior to the sexual assault of Plaintiff;

    i.    In negligently failing to take the necessary steps to correct a dangerous situation when Defendant, Rust College, knew, or in the exercise of reasonable care, should have known that the unreasonably dangerous conditions existed;

    j.    In negligently failing to take the necessary steps to assure the safety of others when Defendant, Rust College, knew, or in the exercise of reasonable care, should have known that an injury was reasonably foreseeable and/or imminent;

    k.    In negligently creating the dangerous condition by failing to provide adequate security and/or monitor the premises; and

    l.    Other ways to be shown upon completion of discovery in this case.

17.    Plaintiff charges and avers that Defendant, Rust College, was under a duty of due care, which is the care that an ordinarily careful person would use to avoid an injury to themselves and/or to others under the same or similar circumstances.

18.    Plaintiff charges and avers that as a direct and proximate result of one, some or all of the aforesaid acts of negligence and/or omissions in tort, Plaintiff was caused to suffer and incur severe and permanent injuries and resulting damages to be hereinafter set out with more particularity.

## Count II.
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19.    Plaintiff incorporates by reference the allegations contained in Paragraphs One through Eighteen (1-18) as if restated verbatim herein.

20.    Plaintiff alleges that Deante Starks, after roaming the Gross Hall dormitory unchecked and at large, entered Plaintiff's dormitory room and proceeded to rob and sexually assault him at gunpoint.

21.    Plaintiff alleges that as a result of the aforementioned robbery and assault, Plaintiff

4

suffered physical and mental injury and harm.

22. Plaintiff alleges that a robbery and assault of residents of Gross Hall are reasonably foreseeable consequences of failing to take any security measures whatsoever and leaving the main entrance to Gross Hall unlocked and propped open by a rug.

23. Plaintiff charges and alleges that one, some, or all of the aforesaid acts and/or omissions of common law negligence by Defendant were the direct and proximate cause of the emotional injuries suffered by Plaintiff, to be hereinafter set out with more particularity.

24. Plaintiff alleges that Plaintiff's emotional injuries that resulted from the Defendant's negligence are serious, severe, and permanent.

## INJURIES AND DAMAGES

25. Plaintiff alleges that as a direct and proximate result of the hereinabove described violations of the common law and state statutes by Defendant, he sustained multiple, serious, and disabling injuries to his body as a whole.

26. Plaintiff alleges that as a direct and proximate result of the hereinabove described negligence of Defendant, he has sustained temporary and permanent disability.

27. Plaintiff further alleges that he has endured pain and suffering and may continue to suffer from the injuries arising out of the subject incident.

28. Plaintiff alleges that he has incurred reasonable and necessary medical, hospital, pharmacy, and related expenses in order to alleviate his pain and suffering and verily believes that he will incur said expenses in the future.

29. Plaintiff further alleges that he has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject incident, past, present, and future.

30. Plaintiff further alleges that he has sustained serious mental and emotional distress and injuries as a result of the subject incident.

5

31. Plaintiff further alleges that he has sustained a loss of earnings and/or loss of earning capacity and verily believes that said losses will be incurred in the future. Plaintiff, Jahmal Rice, sues for any and all loss of earnings and/or earning capacity, past, present, and future.

### RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jahmal Rice, respectfully sues Defendant, Rust College, for a reasonable amount of restitution and compensation for damages to be determined by twelve Honorable and good citizens of Marshall County but not to exceed the sum of **ONE MILLION DOLLARS AND 00/100 ($1,000,000.00).**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for damages as they may appear on the trial of this cause reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

Derek Fairchilds, #104730
Adam Johnson, #103057
NAHON SAHAROVICH & TROTZ, PLLC
488 South Mendenhall
Memphis, Tennessee 38117
Phone: (901) 259-0415
Fax: (901) 746-1543

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY AS TO ALL COUNTS HEREIN.**

6

IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

| | |
|---|---|
| **JAHMAL RICE** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO: CV2022-039 |
| | **JURY TRIAL DEMANDED** |
| **RUST COLLEGE** | **DEFENDANT** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, RUST COLLEGE**

**COMES NOW** your Plaintiff, pursuant to Rule 33 and Rule 34 of the Mississippi Rules of Civil Procedure, propounds the following interrogatories and requests for production of documents to Defendant, Rust College, to be answered, in writing, under oath, and in accordance with the Mississippi Rules of Civil Procedure.

You are reminded that under the provisions of Rule 26 you are under a duty to seasonably supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, or who may be called as witnesses at trial, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for Plaintiff within fifteen (15) days after receipt of such information.

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise indicated, the following definitions shall be applied

FILED
FEB 08 2022
MONIKA AUTRY
CIRCUIT CLERK MARSHALL CO., MS
BY_____D

DISCOVERY REQUESTS:

1. "YOU" or "YOUR" shall mean the defendants whom this discovery is directed to (in the case of the corporate defendant, it shall include its subsidiary and affiliated corporations) and each of their attorneys, experts, including, without limitation, contractors, subcontractors, agents and employees of experts, employees, agents or representatives and all other persons acting on their behalf.

2. The term "COMMUNICATION" or "COMMUNICATIONS" or "COMMUNICATE" shall mean and include any transaction or exchange of information between two or more persons, whether orally or in writing, and includes without limitation, any conversation or discussion by means of letter, telephone, note, memorandum, telegraph, telefax, telecopier, cable, computer or any other electronic or other medium, including written, audio, video, computer disk or computer tape.

3. The term "DOCUMENT" or "DOCUMENTS" shall mean and include writings of any kind, formal or informal, whether or not wholly or partially in handwriting including by way of illustration and not by way of limitation, any invoice, receipt, endorsement, check, bank draft, canceled check, deposit slip, withdrawal slip, order, correspondence, record book, minutes, memorandum of telephone and other conversations, including meetings, agreements and the like, diary, calendar, desk pad, scrapbook, notebook, bulletin, circular, form pamphlet, statement, journal, postcard, letter, telegram, telex, telefax, report, notice, message, analysis, comparison, graph, chart, interoffice or intra-office communications, photocopy or other copy of any documents, microfilm or other film record, any photograph, sound recording or any type of device, computer data, any punch card, disc or disc pact, any tape or other type of memory generally associated with computers and data processing (together with the programming instructions and other written material necessary to use such punch card, disc, or disc pact, tape

2

or other type of memory and together with printouts of such punch card, disc, or disc pact, tape or other type of memory; including (a) every copy of each document which is not any exact duplicate of a document which is produced, (b) every copy which has any writing, figure or notation, annotation or the lack of it, (c) drafts, (d) attachments to or enclosures with any document, (e) every document referred to in any other document, (f) all original file folders in which each such document is contained.

4. The terms "PERSON" or "PERSONNEL" shall refer to a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

5. The term "CORRESPONDENCE" shall, without limiting the generality of the definition, include any letter, note, memorandum, facsimile, electronic mail, telegram, telex, notice, report, statement, and all other types and forms of information exchange whether made by hand, computer, typewriter, printer, pen, pencil, or other form of recording.

6. The singular number and masculine gender, as used herein, shall be deemed the plural, the feminine and the neuter, as may be appropriate.

7. Wherever it is necessary to bring within the scope of these requests DOCU-MENTS that might otherwise be construed to be outside their scope (1) use of "and" as well as "or" shall be construed both disjunctively and conjunctively; (2) the use of "include(s)" and "including" shall be construed to mean "without limitation"; and (3) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices.

8. If any of the DOCUMENTS requested herein is withheld under a claim of privilege, identify each such DOCUMENT and state the date of the DOCUMENT, identify its author and addressee, each PERSON to whom copies of the DOCUMENT were furnished and to whom the contents thereon were COMMUNICATED, a summary of the subject matter of the DOCUMENT, its present location and custodian, the basis upon which the asserted privilege is

3

claimed and the request to which the DOCUMENT is responsive.

9. If any of the DOCUMENTS requested herein has been destroyed, furnish a list identifying each such DOCUMENT, its author and addressee, each PERSON to whom copies of the DOCUMENT were furnished and to whom the contents thereof were communicated, a summary of the substance of the DOCUMENT, the date upon which it was destroyed and the reason it was destroyed.

10. As used herein, the term "COMPLAINT" shall refer to and include the complaint filed in the above-captioned matter.

11. The term "PROBLEM" or "PROBLEMS" mean any criticism, question, complaint, question, claim, notice, complaint, issue, grievance, conclusion, belief, opinion, concern, charge or protest, whether written or oral, and whether communicated by a person not employed by Defendant; or noted, observed, or communicated by a person employed by the Defendant.

12. The terms "IDENTIFY" or "IDENTIFICATION", when used with reference to a PERSON, shall mean to state the full name and the present or last known address and telephone number of such PERSON as well as his/her place of employment and job title.

13. The terms "IDENTIFY" or "IDENTIFICATION", when used with reference to a DOCUMENT which is not produced to Defendant, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it; and its present or last known location or custodian; if any document was but is not longer in your possession, custody or control, state that disposition was made of it and the reason for its disposition.

14. The term "REPORT" or "REPORTS" shall mean any CORRESPONDENCE or COMMUNICATION wherein there is contained any criticism, question, complaint, claim, notice, issue, grievance, conclusion, belief, opinion, concern, charge or protest, whether written

4

or oral, and whether communicated by a person not employed by Defendant; or noted, observed, or communicated by a person employed by the Defendant.

15. The term "THIS ACCIDENT" and "THE ACCIDENT" shall mean the accident which is the basis of this lawsuit.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by name and employment position the person responsible for providing answers to these interrogatories.

**INTERROGATORY NO. 2:** Provide the full and proper name of any and all entities and/or persons owning and/or operating the business know as Rust College located at 150 Rust Avenue, Holly Springs, Mississippi.

**INTERROGATORY NO. 3:** Describe in as much detail as possible how the events of April 10, 2021 pertaining to Plaintiff and Deante Starks took place.

**INTERROGATORY NO. 4:** Please list and identify each person (including your employees) who have knowledge (first hand or otherwise) concerning the facts surrounding the incident made the basis of this suit. If the person identified was an employee of Defendant, state his/her position, job responsibilities, last known address, and contact telephone number.

**INTERROGATORY NO. 5:** Prior to the alleged occurrence, did Defendant, or any agent or employee of Defendant, personally observe or obtain any knowledge whatsoever of the alleged condition on the premises of your building as it relates to the main entrance to Gross Hall.

**INTERROGATORY NO. 6:** If the answer to the preceding interrogatory is in the affirmative, please state:

   a. when Defendant, or any agent or employee of Defendant, first saw the condition or situation, giving the date and time;

5

    b.    how Defendant, or any agent or employee of Defendant, acquired such knowledge;

    c.    all actions taken at the time of such observation or receipt of knowledge by Defendant, or any agent or employee of Defendant, to correct or remedy the defective condition or situation.

**INTERROGATORY NO. 7:** Please state what precautions, if any, were taken by you or any agent or employee of Defendant, on the date of, prior to, and after the alleged occurrence, to prevent injuries to residents of Gross Hall during the time in which the security system for the main entrance was broken.

**INTERROGATORY NO. 8:** Please state the name and address of the person, firm, or corporation, other than yours, which had the responsibility or duty for the maintenance of the main entrance in question at the time and place of the alleged occurrence.

**INTERROGATORY NO. 9:** If you or any agent or employee of Defendant, Rust College, performed any maintenance, repair, service, or any other act, or caused any action to be taken with regard to the main entrance described in Plaintiff's Complaint, please state:

    a.    the date when you or any agent or employee of Defendant performed said maintenance, repair, service, or any other act, or caused any action to be taken with regard to the main entrance;

    b.    what action was taken; and

    c.    the name and address of each person performing same.

**INTERROGATORY NO. 10:** If you contend that Plaintiff was contributorily negligent, please state each and every fact upon which you rely in support of said contention.

**INTERROGATORY NO. 11:** Please state the name, current address, and telephone number of each person from whom you have obtained a statement concerning the incident made the basis of this lawsuit, including in your response, a detailed statement as to each and every fact known to you or made known to you by third parties concerning how the incident made the basis of this suit occurred.

6

**INTERROGATORY NO. 12:** Please identify each expert that you plan to have testify at the trial of this cause, including any and all medical experts. Additionally, please give a summary of the opinions to which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming those opinions.

**INTERROGATORY NO. 13:** Please state whether you have any policy, procedure, or safety program instituted regarding the maintenance of the main entrances or security in general for the residence halls as described in Plaintiff's Complaint. If so, please state the substance of said policy, procedure, or safety program.

**INTERROGATORY NO. 14:** Please state the name and address of the person, firm, or corporation, other than yours, which had the responsibility or duty for the maintenance of the main entrances or security in general for the residence halls as described in Plaintiff's Complaint.

**INTERROGATORY NO. 15:** On or about the date of the alleged occurrence, did Defendant have any established procedure for the inspection and/or maintenance of the premises where the alleged occurrence took place?

**INTERROGATORY NO. 16:** If the answer to the preceding interrogatory is in the affirmative, please give:

 a. a description of the procedure;

 b. the date and time of the last inspection prior to the time of the alleged occurrence;

 c. the identification, including the name, job title, and address, of each person who participated in such inspection; and

 d. in complete detail, what such inspection revealed or disclosed.

**INTERROGATORY NO. 17:** Please provide the name, current address, telephone number, and job title of all individuals employed by Defendant, Rust College, who were present

7

in Gross Hall on April 10, 2021.

**INTERROGATORY NO. 18:** Did you or any agent or employee of Defendant render assistance of any kind to Plaintiff immediately after the alleged occurrence?

**INTERROGATORY NO. 19:** If the answer to the preceding interrogatory is in the affirmative, please describe:

a. in complete detail, what assistance was rendered to Plaintiff; and

b. the name and address of each person rendering any assistance to Plaintiff.

**INTERROGATORY NO. 20:** Please describe in complete detail the appearance of Plaintiff immediately after the alleged occurrence, particularly with regard to the following:

a. the physical condition of Plaintiff, that is, whether there were any obvious signs of bruising, swelling, cuts, or other physical injury;

b. the observable emotional or mental condition of Plaintiff, that is, whether the Plaintiff was crying, complaining of pain, or otherwise emotionally disturbed;

c. details of all conversations, sounds, words, utterances, speech or noises made by Plaintiff after the alleged occurrence, which were heard by you or by any agent or employee of Defendant;

d. the appearance of Plaintiff's clothing as to whether any part of it was disarranged, torn, dirty, or otherwise; and

e. any action or activity of Plaintiff as observed by you or any agent or employee of the Defendant after the alleged occurrence.

**INTERROGATORY NO. 21:** Please state whether prior to the incident made the basis of this lawsuit any other person has reported an assault in a residence hall on Defendant's premises.

**INTERROGATORY NO. 22:** If your answer to Interrogatory No: 22 was "yes",

8

same) of the area as described in the Plaintiff's Complaint from the April 10, 2021 incident to the date of answering this discovery.

**REQUEST FOR PRODUCTION NO. 12:** Please produce a copy of all documents or evidence, including but not limited to each guest complaint, claim, or litigation case (either in which a lawsuit was filed or settled prior to suit being filed) referenced in your responses to Interrogatory Nos. 21 & 22.

**REQUEST FOR PRODUCTION NO. 13:** Please produce a copy of any pictures, photographs, or video taken of Plaintiff, prior to, during, and following the incident which occurred on April 10, 2021 as described in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of any documents and/or materials that you subpoenaed in this case (Please note your duty to supplement this response should you subpoena any documents during the course of this litigation).

**ANY DOCUMENT WHICH HAS BEEN WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT AND/OR WHICH HAS BEEN DEEMED AS UNDISCOVERABLE BY PLAINTIFF SHOULD BE SPECIFICALLY DESIGNATED BY DATE, AUTHOR, ADDRESSEE AND GENERAL SUBJECT MATTER, SO THAT THE COURT CAN RULE ON ITS ADMISSIBILITY.**

Respectfully Submitted,

Derek Fairchilds, #104730
Adam Johnson, #103057
NAHON SAHAROVICH & TROTZ, PLLC
488 South Mendenhall
Memphis, Tennessee 38117
Phone: (901) 259-0415
Fax:    (901) 746-1543

ATTORNEYS FOR PLAINTIFF

***Served With Complaint:***

Derek Fairchilds, #104730

11